IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| JOANN ALARCON,<br> *Plaintiff,*<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br>FAMILY DOLLAR STORES OF<br>TEXAS, LLC, AND MARIO GARCIA,<br> *Defendants.* | CIVIL CASE NO. 4:22-cv-00001<br>JURY TRIAL DEMANDED |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, FAMILY DOLLAR STORES OF TEXAS, LLC (hereinafter "Defendant") removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

## I.
## THE REMOVED CASE

1. The removed case is a civil action filed in the 109th Judicial District Court of Winkler County, Texas, on December 6, 2021, styled *Joann Alarcon v. Dollar Tree Stores, Inc., Family Dollar Stores of Texas, LLC and Mario Garcia*, under Cause No. DC21-18111 (the "State Court Action").

## II.
## DOCUMENTS FROM REMOVED ACTION

2. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 81 and 28 U.S.C. § 1446(a), Defendant attaches the following documents to this Notice of Removal:

(a) A list of all parties in the case, their party type and current status;

(b) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d) A record of which parties have requested trial by jury; and

(e) The name and address of the court from which the case is being removed.

## III.
## REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Pecos Division of the Western District Court of Texas is the United States district and division embracing Winkler County, Texas, and the county in which the State Court Action is pending.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "B"* and incorporated herein for all purposes.

5. Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 109th Judicial District Court, of Winkler County, Texas, where the State Court Action is currently pending.

## IV.
## REMOVAL IS TIMELY

6. According to the State Court Action file, Defendant was served with a copy of Plaintiff's Original Petition ("Petition") on December 8, 2021, via personal service.

7. Since the thirtieth day after service of the Petition on Defendant falls on January 7, 2021, this Notice of Removal is being timely filed within the time limits specified in 28 U.S.C. § 1446(b).

## V.
## VENUE IS PROPER

8. The United States District Court for the Western District of Texas – Pecos Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 109th Judicial District Court of Winkler County, Texas, is located within the jurisdiction of the United States District Court for the Western District of Texas – Pecos Division.

## VI.
## DIVERSITY OF CITIZENSHIP EXISTS

9. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined and served as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be

shown below, although Defendant Mario Garcia is believed to be a Texas resident, he has not been served in this case.

10. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

10. As admitted in the Petition, Plaintiff is a resident of Winkler County, City of Kermit and a citizen of the State of Texas. FAMILY DOLLAR STORES OF TEXAS, LLC is a foreign Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia. FAMILY DOLLAR STORES OF TEXAS, LLC is a citizen of the Commonwealth of Virginia and its principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. As a Limited Liability Company, Family Dollar is comprised of individual members and one managing member entity – Family Dollar Stores of Ohio, Inc., which has a 100% interest in FAMILY DOLLAR STORES OF TEXAS, LLC. The business address for all of the individual members and the managing member entity of Family Dollar Stores of Texas, LLC is 500 Volvo Parkway, City of Chesapeake, in the Commonwealth of Virginia. Thus, pursuant to 28 U.S.C. § 1332(c)(1) all of the individual members of Family Dollar Stores of Texas, LLC, which includes Beth Berman, Sandra L. Boscia, Linde Carley, Jonathan Elder, Bradley Hunter, Michael Matacunas, Deborah Miller, William A. Old, Jr., Gary Philbin, Robert L. Rogers, Thomas E. Schoenheit, Shawnta Totten-Medley and Kevin Wampler, are all citizens of the Commonwealth of Virginia.

The identity and titles of the individual members of Family Dollar Stores of Texas, LLC are as follows:

| | |
|---|---|
| Beth Berman | Vice President/Deputy General Counsel / Assistant Secretary |
| Sandra L. Boscia | Assistant Secretary |
| Linde Carley | Assistant Secretary |
| Jonathan Elder | Vice President – Tax |
| Bradley Hunter | Vice President – Finance |
| Michael Matacunas | Chief Administrative Officer |
| Deborah Miller | Vice President |
| William A. Old, Jr. | Senior Vice President / General Counsel / Secretary |
| Gary Philbin | President / Chief Operating Officer |
| Robert L. Rogers | Senior Vice President / Real Estate |
| Thomas E. Schoenheit | Vice President / Ass't General Counsel / Assistant Secretary |
| Shawnta Totten-Medley | Vice President / Assistant Secretary |
| Kevin Wampler | Executive Vice President / Chief Financial Officer |

11. Defendant Dollar Tree Stores, Inc. is a foreign corporation organized and existing under the laws of the Commonwealth of Virginia; has its principal office in the Commonwealth of Virginia and is a resident and citizen of the Commonwealth of Virginia. Defendant Dollar Tree Stores, Inc. has not been served with process in this lawsuit as such consent is not necessary.

12. Defendant Mario Garcia has not been served and his citizenship has not been determined. As such, his consent is not necessary.

13. Even presuming that Defendant Mario Garcia is a citizen of Texas, a majority of the federal courts considering "snap removal," as Defendant Family Dollar Stores of Texas, LLC seeks here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. *E.g., Midwest Health Group, LLC v. eMDs, Inc.,* Civil Action No. 1:20-CV-853-LY, 2020 WL 6580446, *3 (W.D. Tex. Nov. 10, 2020); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F.

Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

14. Additionally, Family Dollar Stores of Ohio, Inc., the sole managing member of Family Dollar Stores of Texas, LLC, is a foreign corporation organized and formed under the laws of the Commonwealth of Virginia and its principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Family Dollar Stores of Ohio, Inc. is a citizen of the Commonwealth of Virginia.

15. Because the Plaintiff is a resident and citizen of the State of Texas and Defendant FAMILY DOLLAR STORES OF TEXAS, LLC; its individual members and the managing member entity are all citizens of the Commonwealth of Virginia and have their principal place of business in the Commonwealth of Virginia, complete diversity of citizenship exists between all parties as required by 28 U.S.C. § 1332 for purposes of diversity jurisdiction. Thus, this Court has jurisdiction over the parties based on complete diversity of citizenship.

## VII.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13. Plaintiff alleges in her Petition that she seeks "monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-

judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is entitled."[1]

14. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy as specifically pled by the Plaintiff, exceeds $75,000, exclusive of interest and costs.

## VIII.
## FILING OF REMOVAL PAPERS

15. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 109th Judicial District Court of Winkler County, Texas, in which this action was originally commenced.

## IX.
## CONCLUSION

16. FAMILY DOLLAR STORES OF TEXAS, LLC hereby removes the above-captioned matter from the 109th Judicial District Court of Winkler County, Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas – Pecos Division, as provided by law.

---

[1] *See,* "Plaintiff's Original Petition" p. 7 ¶ 21.

Respectfully submitted,

**MAYER LLP**
750 North St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / 214.379.6939

By: */s/ Zach T. Mayer*
    Robin R. Gant
    State Bar No. 24069754
    E-Mail: rgant@mayerllp.com
    Zach T. Mayer
    State Bar No. 24013118
    E-Mail: zmayer@mayerllp.com
    Dwayne I. Lewis, II
    State Bar No. 24097996
    E-Mail: dlewis@mmayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 7, 2021, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Western District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Western District of Texas:

| | |
|---|---|
| Eduardo D. Kosturakis<br>CESAR ORNELAS LAW, PLLC<br>6800 Gateway Blvd. East Unit, 2 Ste. B<br>El Paso, Texas 79915<br><br>*Counsel for Plaintiff* | ☒ E-Mail (edkosturakis@oninjurylaw.com)<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight Mail<br>☐ Regular, First Class Mail<br>☒ CM/ECF<br>☐ Certified Mail/Return Receipt Requested |

                                                  */s/ Zach T. Mayer*
                                                   Zach T. Mayer