# EXHIBIT B

CASE SUMMARY

# CASE SUMMARY
### CASE NO. DC21-18111

| | |
|---|---|
| **JOANN ALARCON vs. DOLLAR TREE STORES, INC,** § | Location: **109th District Court** |
| **FAMILY DOLLAR STORES OF TEXAS, LLC, AND** § | Judicial Officer: **Pool, John** |
| **MARIO GARCIA** § | Filed on: **12/06/2021** |
| § | |

---

| CASE INFORMATION |
|---|

Case Type: **Injury/Damage - Other Injury or Damage**

Case Status: **12/06/2021   Filed**

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 12/06/2021 | Original Petition (OCA) <br> *PLAINTIFF'S ORIGINAL PETITION* |
| 12/06/2021 | **Citation** <br> DOLLAR TREE STORES, INC <br> Served: 12/08/2021 <br> FAMILY DOLLAR STORES OF TEXAS, LLC <br> Served: 12/08/2021 <br> GARCIA, MARIO <br> Unserved |
| 12/06/2021 | Request to Issue <br> *CITATION OF SERVICE* |
| 12/21/2021 | PLAINTIFF'S FIRST AMENDED PETITION <br> *PLAINTIFFS FIRST AMENDED PETITION* |
| 12/27/2021 | **Citation** <br> GARCIA, MARIA <br> Unserved |
| 01/04/2022 | Letter From Attorney <br> *ATTNY MAYER FOR DEFENDANT* |
| 01/04/2022 | DEFENDANTS ORIGINAL ANSWER <br> *DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND DEMAN FOR JURY TRIAL* |

---

| | DATE | | OTHER DOCUMENTS | |
|---|---|---|---|---|
| | 12/09/2021 | Case Manager Document | DOLLAR TREE STORES, INC - Citation | 2 Pages |
| | 12/09/2021 | Case Manager Document | FAMILY DOLLAR STORES OF TEXAS, LLC - Citation | 2 Pages |

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS     COUNTY OF WINKLER**
I hereby certify that the above is a true and correct
copy of the original record on file in my office
GENEVA BAKER  DISTRICT CLERK  WINKLER CO., TX
Attest: _January 6_ , 20 22
By _____ DEPUTY

*Printed on 01/06/2022 at 9:01 AM*

Filed 12/6/2021 7:50 AM
Geneva Baker
District Clerk
Winkler County, Texas
Reviewed By: Jennifer Dominguez

## CAUSE NO. DC21-18111

| | | |
|---|---|---|
| **JOANN ALARCON,** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | 109th JUDICIAL DISTRICT |
| | § | |
| **DOLLAR TREE STORES, INC,** | § | |
| **FAMILY DOLLARS STORES OF** | § | |
| **TEXAS, LLC, AND MARIO GARCIA** | § | |
| *Defendants* | § | WINKLER COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JOANN ALARCON, hereinafter called ("Plaintiff"), complaining of and about DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES OF TEXAS, LLC., AND MARIO GARCIA, hereinafter called ("Defendants"), and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.     Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level III, and therefore request this Court to enter a scheduling order.

### II. PARTIES AND SERVICE

2.     Plaintiff, JOANN ALARCON, is an Individual whose address is 1112 Harrison Dr., Kermit, Texas 79745.  The last three digits of her social security number are 156

3.     Defendant, DOLLAR TREE STORES, INC., a foreign corporation whose registered office is located at 500 Volvo Parkway Chesapeake, VA 23320, may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company, in Travis County at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant can be effected by personal delivery.

4.    Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC. ; a foreign corporation whose registered office is located at 500 Volvo Parkway Chesapeake, VA 23320, may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, in Travis County at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant can be effected by personal delivery.

5.    Defendant, MARIO GARCIA, is an individual who is a resident of Texas. He may be served with process at his place of employment at the following address: 167 TX-302, Kermit, TX 79745, or wherever he may be found. Service of said Defendant can be effected by personal delivery.

### III. JURISDICTION AND VENUE

6.    The subject matter in controversy is within the jurisdictional limits of this court.

7.    Venue in Winkler County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

8.    On or about December, 2019, Plaintiff was an invitee and/or business patron, at Defendants, DOLLAR TREE STORES, INC..'s store in Winkler County, Texas located at 167 TX-302, Kermit, TX 79745, when Defendant's negligence caused Plaintiff to suffer serious bodily injuries. Defendant, DOLLAR TREE STORES, INC.. Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC. and Defendant MARIO GARCIA , failed to clear the store floor of boxes and other hazardous items. This negligence posed an unsafe and unreasonably dangerous condition

which resulted in Plaintiff tripping over boxes on the floor and falling to the ground. Plaintiff

suffered serious medical injures which were proximately caused by this violent fall.

## V. PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DOLLAR TREE STORES, INC..

9.     Under the theory of *respondeat superior*, Defendant DOLLAR TREE STORES,

INC.. is liable for the actions of their agents, servants and/or employees acting within the course

and scope of their authority as agents, servants and/or employees of Defendant DOLLAR TREE

STORES, INC.. when the negligence occurred.

10.    Defendant DOLLAR TREE STORES, INC.. had a duty to exercise the degree of

care that a person of ordinary prudence would use to avoid harm to others under circumstances

similar to those described herein.

Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless

disregard of said duty.

11.    The negligent, careless and reckless disregard of duty of Defendant DOLLAR

TREE STORES, INC.. consisted of, but is not limited to, the following acts and omissions:

A.     Negligently hired and/or retained employees;

B.     Negligently trained and/or supervised employees; and/or

C.     Violated applicable, local, state and federal laws and/or regulations.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST FAMILY DOLLAR STORES OF TEXAS, LLC.

12.    Under the theory of *respondeat superior*, Defendant FAMILY DOLLAR STORES

OF TEXAS, LLC. is liable for the actions of their agents, servants and/or employees acting within

the course and scope of their authority as agents, servants and/or employees of Defendant

FAMILY DOLLAR STORES OF TEXAS, LLC. when the negligence occurred.

13.    Defendant FAMILY DOLLAR STORES OF TEXAS, LLC. had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

14.    The negligent, careless and reckless disregard of duty of Defendant FAMILY DOLLAR STORES OF TEXAS, LLC. consisted of, but is not limited to, the following acts and omissions:

A.    Negligently hired and/or retained employees;

B.    Negligently trained and/or supervised employees; and/or

C.    Violated applicable, local, state and federal laws and/or regulations.

### VII. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST MARIO GARCIA.

15.    Defendant MARIO GARCIA had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

16.    The negligent, careless and reckless disregard of duty of Defendant MARIO GARCIA consisted of, but is not limited to, the following acts and omissions:

D.    Negligently failed to clear the store floor of boxes and other hazardous items.

## VIII.  PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DOLLAR TREE STORES, INC.

17.    At all times pertinent to this cause of action Defendants owned, operated, controlled, or had the right to control the premises at issue and knew or should have known of the unreasonably dangerous condition at the entryway of the store building.  Defendant breached its duties of ordinary care to Plaintiff as licensee and proximately caused Plaintiff's injuries and damages. The Defendant, if private persons, would be liable under Texas law.  Specifically, the negligent acts and omissions of Defendant include, but are not limited to:

a)    Creating a dangerous condition on the premises at issue;

b)    Allowing a dangerous condition posing an unreasonable risk to exist on the premises at issue;

c)    Failing to guard Plaintiff or others in Plaintiff's position from the unreasonably dangerous condition;

d)    Failing to correct the dangerous condition;

e)    Failing to reasonably maintain the premises at issue in a safe and proper condition;

f)    Failing to reasonably inspect the premises at issue;

g)    Failing to act as a reasonable premise's owner and/or occupier;

h)    Failing to warn Plaintiff of the dangerous condition;

i)    Failing to warn Plaintiff or others in Plaintiff's position of the risk of injury presented by the dangerous condition;

j)    Failing to direct Plaintiff or others in Plaintiff's position around the dangerous condition; and

k)    Allowing and engaging in negligent activities that proximately caused the incident at issue and the injuries resulting therefrom.

18.     Alternatively, Defendant is liable for Plaintiff's injuries under the Texas Civil Practice and Remedies Code Section 75.002(c). At all times pertinent to this cause of action the Defendant owned, operated, or maintained the premises at issue that contained an unreasonably dangerous condition. Defendant breached its duty to Plaintiff by the acts and omissions stated above and injured Plaintiff through gross negligence, malicious intent, or bad faith. The Defendant, if private persons, would be liable under Texas law.

## IX.  PLAINTIFF'S CLAIM OF PREMISES LIABILITY FAMILY DOLLAR STORES OF TEXAS LLC.

19.     At all times pertinent to this cause of action Defendants owned, operated, controlled, or had the right to control the premises at issue and knew or should have known of the unreasonably dangerous condition at the entryway of the store building. Defendant breached its duties of ordinary care to Plaintiff as licensee and proximately caused Plaintiff's injuries and damages. The Defendant, if private persons, would be liable under Texas law. Specifically, the negligent acts and omissions of Defendant include, but are not limited to:

   a)  Creating a dangerous condition on the premises at issue;

   b)  Allowing a dangerous condition posing an unreasonable risk to exist on the premises at issue;

   c)  Failing to guard Plaintiff or others in Plaintiff's position from the unreasonably dangerous condition;

   d)  Failing to correct the dangerous condition;

   e)  Failing to reasonably maintain the premises at issue in a safe and proper condition;

   f)  Failing to reasonably inspect the premises at issue;

   g)  Failing to act as a reasonable premise's owner and/or occupier;

h) Failing to warn Plaintiff of the dangerous condition;

i) Failing to warn Plaintiff or others in Plaintiff's position of the risk of injury presented by the dangerous condition;

j) Failing to direct Plaintiff or others in Plaintiff's position around the dangerous condition; and

k) Allowing and engaging in negligent activities that proximately caused the incident at issue and the injuries resulting therefrom.

20.     Alternatively, Defendant is liable for Plaintiff's injuries under the Texas Civil Practice and Remedies Code Section 75.002(c). At all times pertinent to this cause of action the Defendant owned, operated, or maintained the premises at issue that contained an unreasonably dangerous condition. Defendant breached its duty to Plaintiff by the acts and omissions stated above and injured Plaintiff through gross negligence, malicious intent, or bad faith. The Defendant, if private persons, would be liable under Texas law.

## X. DAMAGES FOR PLAINTIFF JOANN ALARCON

21.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer serious bodily injuries, and to incur the following damages:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **JOANN ALARCON**, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and

customary charges for such services in Bexar County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment in the future;

G.  Physical disfigurement in the past;

H.  Physical disfigurement in the future;

I.  Loss of earnings in the past;

J.  Loss of earning capacity which will, in all probability, be incurred in the future;

K.  Mental anguish in the future.

L.  Mental anguish in the past;

M.  Loss of Household Services in the past; and

N.  Loss of Household Services in the future;

## XI.  DEMAND FOR TRIAL BY JURY

23.  Plaintiff demands a jury trial and tenders the appropriate fee with filing this petition.

## XII.  RULE 193.7 NOTICE

24.  Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating said documents.

## XIII. PRESERVATION OF EVIDENCE

25.     Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded.  Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiff will seek appropriate sanctions and remedies.

### XIV. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, JOANN ALARCON, respectfully prays that the Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES OF TEXAS, LLC., and MARIO GARCIA, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Cesar Ornelas Law

*Eduardo D. Kosturakis*

By: _____
**EDUARDO D. KOSTURAKIS**
Texas Bar No. 24105803
6800 Gateway Blvd. East Unit. 2 Ste. B
El Paso, Texas 79915
Tel. (915) 301-0070
Fax. (888) 342-8033
edkosturakis@oinjurylaw.com
Attorney for Plaintiff
JOANN ALARCON

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS      COUNTY OF WINKLER**
I hereby certify that the above is a true and correct copy of the original record on file in my office.
GENEVA BAKER  DISTRICT CLERK  WINKLER CO., TX
Attest: _January 6_ , 20_22_
By _____ DEPUTY

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cesar Ornelas Law on behalf of Eduardo Eugenio Diaz Kosturakis
Bar No. 24105803
efile@oinjurylaw.com
Envelope ID: 59718664
Status as of 12/6/2021 8:34 AM CST

Associated Case Party: JOANN ALARCON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eduardo Eugenio Diaz Kosturakis | | edkosturakis@oinjurylaw.com | 12/5/2021 6:55:50 PM | SENT |
| kRI Hamby | | khamby@oinjurylaw.com | 12/5/2021 6:55:50 PM | SENT |



Filed 12/6/2021 10:36 AM
Geneva Baker
District Clerk
Winkler County, Texas
Reviewed By: Jennifer Dominguez

December 6, 2021

*Via E-File*
Winkler County District Clerk
100 E. Winkler St. 3rd Floor .
Kermit, TX 79745

Re:   **Cause No. DC21-18111;** *Joann Alarcon vs. Dollar Tree Stores, Inc, Family Dollars Stores of Texas, LLC, and Mario Garcia;* **In the 109th District Court, Winkler County, Texas.**

## REQUEST FOR CITATION OF SERVICE

Dear Winkler County District Clerk,

This letter is to request citations for regular service by process server, on the above mentioned case. Plaintiff's Original Petition was filed on December 6, 2021. Please email citations to: khamby@oinjurylaw.com.

**Defendants to be served:**
Dollar Tree Stores, Inc
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th St Ste. 620
Austin, Texas 78701

Family Dollar Stores of Texas
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Ste. 620
Austin, Texas 78701

Mario Garcia
167 TX-302
Kermit, TX 79745

Should you have any questions or need any additional information, please do not hesitate to contact our office. Thank you for your attention with this matter.

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS    COUNTY OF WINKLER**
I hereby certify that the above is a true and correct copy of the original record on file in my office.
GENEVA BAKER  DISTRICT CLERK  WINKLER CO., TX
Attest: _January 6, 26.22_
By _____ DEPUTY

CO/kjh

Sincerely,
**CESAR ORNELAS LAW PLLC**

*/s/ Cesar Ornelas II*

Cesar Ornelas II,
Attorney and Counselor at Law

Filed 12/21/2021 2:24 PM
Geneva Baker
District Clerk
Winkler County, Texas
Reviewed By: Jeanette Nunez

CAUSE NO. DC21-18111

| | | |
|---|---|---|
| JOANN ALARCON, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | 109TH JUDICIAL DISTRICT |
| | § | |
| DOLLAR TREE STORES, INC, | § | |
| FAMILY DOLLARS STORES OF | § | |
| TEXAS, LLC, AND MARIO GARCIA | § | |
| *Defendants* | § | WINKLER COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMEDNDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JOANN ALARCON, hereinafter called ("Plaintiff"), complaining of and about DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES OF TEXAS, LLC., AND MARIA GARCIA previously misnamed MARIO GARCIA, hereinafter called ("Defendants"), and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.     Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level III, and therefore request this Court to enter a scheduling order.

### II. PARTIES AND SERVICE

2.     Plaintiff, JOANN ALARCON, is an Individual whose address is 1112 Harrison Dr., Kermit, Texas 79745. The last three digits of her social security number are 156

3.     Defendant, DOLLAR TREE STORES, INC., a foreign corporation whose registered office is located at 500 Volvo Parkway Chesapeake, VA 23320, may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company, in Travis County at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant can be effected by personal delivery.

4.  Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC. , a foreign corporation whose registered office is located at 500 Volvo Parkway Chesapeake, VA 23320, may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, in Travis County at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant can be effected by personal delivery.

5.  Defendant, MARIA GARCIA previously misnamed MARIO GARCIA, is an individual who is a resident of Texas. She may be served with process at her place of employment at the following address: 167 TX-302, Kermit, TX 79745, or wherever he may be found. Service of said Defendant can be effected by personal delivery.

### III.  JURISDICTION AND VENUE

6.  The subject matter in controversy is within the jurisdictional limits of this court.

7.  Venue in Winkler County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

8.  On or about December 06, 2019, Plaintiff was an invitee and/or business patron, at Defendants, DOLLAR TREE STORES, INC..'s store in Winkler County, Texas located at 167 TX-302, Kermit, TX 79745, when Defendant's negligence caused Plaintiff to suffer serious bodily injuries. Defendant, DOLLAR TREE STORES, INC.. Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC. and Defendant MARIA GARCIA previously misnamed MARIO GARCIA, failed to clear the store floor of boxes and other hazardous items. This negligence posed an unsafe

and unreasonably dangerous condition which resulted in Plaintiff tripping over boxes on the floor and falling to the ground. Plaintiff suffered serious medical injures which were proximately caused by this violent fall.

### V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DOLLAR TREE STORES, INC..

9.      Under the theory of *respondeat superior*, Defendant DOLLAR TREE STORES, INC.. is liable for the actions of their agents, servants and/or employees acting within the course and scope of their authority as agents, servants and/or employees of Defendant DOLLAR TREE STORES, INC.. when the negligence occurred.

10.     Defendant DOLLAR TREE STORES, INC.. had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

11.     The negligent, careless and reckless disregard of duty of Defendant DOLLAR TREE STORES, INC.. consisted of, but is not limited to, the following acts and omissions:

A.      Negligently hired and/or retained employees;

B.      Negligently trained and/or supervised employees; and/or

C.      Violated applicable, local, state and federal laws and/or regulations.

### VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST FAMILY DOLLAR STORES OF TEXAS, LLC.

12.     Under the theory of *respondeat superior*, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC.  is liable for the actions of their agents, servants and/or employees acting within

the course and scope of their authority as agents, servants and/or employees of Defendant FAMILY DOLLAR STORES OF TEXAS, LLC. when the negligence occurred.

13.     Defendant FAMILY DOLLAR STORES OF TEXAS, LLC. had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

14.     The negligent, careless and reckless disregard of duty of Defendant FAMILY DOLLAR STORES OF TEXAS, LLC. consisted of, but is not limited to, the following acts and omissions:

A.     Negligently hired and/or retained employees;

B.     Negligently trained and/or supervised employees; and/or

C.     Violated applicable, local, state and federal laws and/or regulations.

### VII. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST MARIA GARCIA PREVIOUSLY MISNAMED MARIO GARCIA.

15.     Defendant MARIA GARCIA previously misnamed MARIO GARCIA had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

16.     The negligent, careless and reckless disregard of duty of Defendant MARIA GARCIA previously misnamed MARIO GARCIA consisted of, but is not limited to, the following acts and omissions:

D.   Negligently failed to clear the store floor of boxes and other hazardous items.

## VIII. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DOLLAR TREE STORES, INC.

17.   At all times pertinent to this cause of action Defendants owned, operated, controlled, or had the right to control the premises at issue and knew or should have known of the unreasonably dangerous condition at the entryway of the store building.   Defendant breached its duties of ordinary care to Plaintiff as licensee and proximately caused Plaintiff's injuries and damages. The Defendant, if private persons, would be liable under Texas law.   Specifically, the negligent acts and omissions of Defendant include, but are not limited to:

a)   Creating a dangerous condition on the premises at issue;

b)   Allowing a dangerous condition posing an unreasonable risk to exist on the premises at issue;

c)   Failing to guard Plaintiff or others in Plaintiff's position from the unreasonably dangerous condition;

d)   Failing to correct the dangerous condition;

e)   Failing to reasonably maintain the premises at issue in a safe and proper condition;

f)   Failing to reasonably inspect the premises at issue;

g)   Failing to act as a reasonable premise's owner and/or occupier;

h)   Failing to warn Plaintiff of the dangerous condition;

i)   Failing to warn Plaintiff or others in Plaintiff's position of the risk of injury presented by the dangerous condition;

j)   Failing to direct Plaintiff or others in Plaintiff's position around the dangerous condition; and

k)      Allowing and engaging in negligent activities that proximately caused the incident at issue and the injuries resulting therefrom.

18.     Alternatively, Defendant is liable for Plaintiff's injuries under the Texas Civil Practice and Remedies Code Section 75.002(c).  At all times pertinent to this cause of action the Defendant owned, operated, or maintained the premises at issue that contained an unreasonably dangerous condition.  Defendant breached its duty to Plaintiff by the acts and omissions stated above and injured Plaintiff through gross negligence, malicious intent, or bad faith.   The Defendant, if private persons, would be liable under Texas law.

## IX.  PLAINTIFF'S CLAIM OF PREMISES LIABILITY FAMILY DOLLAR STORES OF TEXAS LLC.

19.     At all times pertinent to this cause of action Defendants owned, operated, controlled, or had the right to control the premises at issue and knew or should have known of the unreasonably dangerous condition at the entryway of the store building.  Defendant breached its duties of ordinary care to Plaintiff as licensee and proximately caused Plaintiff's injuries and damages. The Defendant, if private persons, would be liable under Texas law.  Specifically, the negligent acts and omissions of Defendant include, but are not limited to:

a)  Creating a dangerous condition on the premises at issue;

b)  Allowing a dangerous condition posing an unreasonable risk to exist on the premises at issue;

c)  Failing to guard Plaintiff or others in Plaintiff's position from the unreasonably dangerous condition;

d)  Failing to correct the dangerous condition;

e)  Failing to reasonably maintain the premises at issue in a safe and proper condition;

f)   Failing to reasonably inspect the premises at issue;

g)   Failing to act as a reasonable premise's owner and/or occupier;

h)   Failing to warn Plaintiff of the dangerous condition;

i)   Failing to warn Plaintiff or others in Plaintiff's position of the risk of injury presented by the dangerous condition;

j)   Failing to direct Plaintiff or others in Plaintiff's position around the dangerous condition; and

k)   Allowing and engaging in negligent activities that proximately caused the incident at issue and the injuries resulting therefrom.

20.    Alternatively, Defendant is liable for Plaintiff's injuries under the Texas Civil Practice and Remedies Code Section 75.002(c). At all times pertinent to this cause of action the Defendant owned, operated, or maintained the premises at issue that contained an unreasonably dangerous condition. Defendant breached its duty to Plaintiff by the acts and omissions stated above and injured Plaintiff through gross negligence, malicious intent, or bad faith. The Defendant, if private persons, would be liable under Texas law.

## X. DAMAGES FOR PLAINTIFF JOANN ALARCON

21.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

22.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer serious bodily injuries, and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **JOANN ALARCON**, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment in the future;

G.   Physical disfigurement in the past;

H.   Physical disfigurement in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity which will, in all probability, be incurred in the future;

K.   Mental anguish in the future.

L.   Mental anguish in the past;

M.   Loss of Household Services in the past; and

N.   Loss of Household Services in the future;

## XI.   DEMAND FOR TRIAL BY JURY

23.   Plaintiff demands a jury trial and tenders the appropriate fee with filing this petition.

## XII.   RULE 193.7 NOTICE

24.   Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating said documents.

---

*Joann Alarcon  v. Dollar Tree Stores, Inc., Family Dollar Stores of Texas, LLC. and Mario Garcia*     Page 8 of 10
*Plaintiff's First Amended Petition*

## XIII. PRESERVATION OF EVIDENCE

25.     Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded.  Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiff will seek appropriate sanctions and remedies.

## XIV. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, JOANN ALARCON, respectfully prays that the Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES OF TEXAS, LLC., and MARIA GARCIA previously misnamed MARIO GARCIA, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS     COUNTY OF WINKLER**
I hereby certify that the above is a true and correct copy of the original record on file in my office.
GENEVA BAKER  DISTRICT CLERK  WINKLER CO., TX
Attest: January  6 , 20 22
By _____
DEPUTY

Respectfully submitted,

Cesar Ornelas Law

*Eduardo D. Kosturakis*

By: _____
**EDUARDO D. KOSTURAKIS**
Texas Bar No. 24105803
6800 Gateway Blvd. East Unit. 2 Ste. B
El Paso, Texas 79915
Tel. (915) 301-0070
Fax. (888) 342-8033
edkosturakis@oinjurylaw.com

Attorney for Plaintiff
JOANN ALARCON

Plaintiff's First Amended Petition

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cesar Ornelas Law on behalf of Eduardo Eugenio Diaz Kosturakis
Bar No. 24105803
efile@oinjurylaw.com
Envelope ID: 60228182
Status as of 12/21/2021 2:32 PM CST

Associated Case Party: JOANN ALARCON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eduardo Eugenio Diaz Kosturakis | | edkosturakis@oinjurylaw.com | 12/21/2021 2:24:57 PM | SENT |
| Kristi Hamby | | khamby@oinjurylaw.com | 12/21/2021 2:24:57 PM | SENT |



Filed 1/4/2022 9:22 AM
Geneva Baker
District Clerk
Winkler County, Texas
Reviewed By: Jeanette Nunez

ROBIN R. GANT
DIRECT: 214.379.6908
E-MAIL: RGANT@MAYERLLP.COM

January 4, 2022

Eduardo D. Kosturakis
CESAR ORNELAS LAW, PLLC
6800 Gateway Blvd. East Unit, 2 Ste. B
El Paso, Texas 79915

> Re:   ***Joann Alarcon v. Dollar Tree Stores, Inc., Family Dollar Stores of***
> ***Texas, LLC and Mario Garcia***
> Cause No.:   DC21-18111
> Court:   In the 109th District Court, Winkler County, Texas
> Our File No.: 58000.00617

Dear Mr. Kosturakis:

Enclosed is ***Defendant Family Dollar Stores of Texas, LLC's Original Answer***
***to Plaintiff's Original Petition and Demand for a Jury Trial*** in the above-referenced
matter, which was e-filed today in the 109th District Court, Winkler County, Texas.

*Please be advised that we would like to take your client's deposition, on a mutually*
*agreeable date and time, following our receipt of Plaintiff's Answers to Defendant's*
*(forthcoming) written discovery requests.*

Should you have any questions, please do not hesitate to contact Dwayne Lewis,
the handling attorney on this file at 214.379.4332, dlewis@mayerllp.com or me at
214.379.6908 or via email at rgant@mayerllp.com.

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS     COUNTY OF WINKLER**
I hereby certify that the above is a true and correct
copy of the original record on file in my office.
GENEVA BAKER  DISTRICT CLERK  WINKLER CO., TX
Attest: _____
By _____
DEPUTY

RRG/pm
Attachment

Sincerely,

**MAYER LLP**

By:   *Isl Robin R. Gant*
      Robin R. Gant

MAYER LLP • 750 N. Saint Paul Street • Suite 700 • Dallas, TX 75201 • 214.379.6900 • mayerllp.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patty Mikula on behalf of Robin Gant
Bar No. 24069754
pmikula@mayerllp.com
Envelope ID: 60459031
Status as of 1/4/2022 9:36 AM CST

Associated Case Party: JOANN ALARCON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eduardo Eugenio Diaz Kosturakis | | edkosturakis@oinjurylaw.com | 1/4/2022 9:22:41 AM | SENT |
| Kristi Hamby | | khamby@oinjurylaw.com | 1/4/2022 9:22:41 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tramaine Francis-Luster | | TFrancis-Luster@mayerllp.com | 1/4/2022 9:22:41 AM | SENT |

Associated Case Party: FAMILY DOLLARS STORES OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robin Gant | | rgant@mayerllp.com | 1/4/2022 9:22:41 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 1/4/2022 9:22:41 AM | SENT |

Filed 1/4/2022 9:22 AM
Geneva Baker
District Clerk
Winkler County, Texas
Reviewed By: Jeanette Nunez

CAUSE NO. DC21-18111

| | | |
|---|---|---|
| JOANN ALARCON, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | WINKLER COUNTY, TEXAS |
| DOLLAR TREE STORES, INC., | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC, and MARIO GARCIA, | § | |
| *Defendants.* | § | 109th JUDICIAL DISTRICT |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC hereby files its Original Answer to Plaintiff's Original Petition and Demand for Jury Trial as follows:

### I.
### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2.      In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury and hereby tenders the applicable jury fee.

### III.
### PRAYER FOR RELIEF

3.      Defendant prays that Plaintiff take nothing by this lawsuit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 North St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / F: 214.379.6939

By: */s/ Zach T. Mayer*
      Zach T. Mayer
      State Bar No. 24013118
      E-Mail: zmayer@mayerllp.com
      Robin R. Gant
      State Bar No. 24069754
      E-Mail: rgant@mayerllp.com
      Dwayne I. Lewis, II
      State Bar No. 24097996
      E-Mail: dlewis@mayerllp.com

ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS, LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of January 2022, a true and correct copy of

the foregoing has been forwarded to all counsel of record as follows:

Eduardo D. Kosturakis
CESAR ORNELAS LAW
6800 Gateway Blvd. East Unit, 2 Ste. B
El Paso, Texas 79915

*Counsel for Plaintiff*

☐ E-Mail (edkosturakis@oinjurylaw.com)
☐ Hand Delivery
☐ Facsimile
☐ Overnight Mail
☐ Regular, First Class Mail
☒ E-File and Serve
☐ E-Service only
☐ Certified Mail/Return Receipt Requested

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS   COUNTY OF WINKLER**
I hereby certify that the above is a true and correct
copy of the original record on file in my office.
GENEVA BAKER  DISTRICT CLERK  WINKLER CO., TX
Attest: _January 6_ , 20 _22_
By _____
   DEPUTY

*/s/ Zach T. Mayer*
Zach T. Mayer

ALARCON/DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL
ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL
DOC# 7918279 / 58000.00617

PAGE | 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Patty Mikula on behalf of Robin Gant
Bar No. 24069754
pmikula@mayerllp.com
Envelope ID: 60459031
Status as of 1/4/2022 9:36 AM CST

Associated Case Party: JOANN ALARCON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kristi Hamby | | khamby@oinjurylaw.com | 1/4/2022 9:22:41 AM | SENT |
| Eduardo Eugenio Diaz Kosturakis | | edkosturakis@oinjurylaw.com | 1/4/2022 9:22:41 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tramaine Francis-Luster | | TFrancis-Luster@mayerllp.com | 1/4/2022 9:22:41 AM | SENT |

Associated Case Party: FAMILY DOLLARS STORES OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robin Gant | | rgant@mayerllp.com | 1/4/2022 9:22:41 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 1/4/2022 9:22:41 AM | SENT |